[No. B069936. Second Dist., Div. Six. May 17, 1994.]

LINDA LORENZEN-HUGHES, Plaintiff and Appellant, v. MacELHENNY, LEVY & CO., Defendant and Respondent.

COUNSEL

Diane M. Matsinger and Kristofer Kallman for Plaintiff and Appellant.

Borton, Petrini & Conron and Barton C. Merrill for Defendant and Respondent.

OPINION

**GILBERT, J.**—Here we hold that the transferor of an interest in real property is not liable for latent defects in the property which the transferor did not know about, and had no reason to believe existed.

Plaintiff Linda Lorenzen-Hughes appeals from the summary judgment granted defendant-respondent, MacElhenny, Levy & Co. We affirm.

## FACTS

On April 19, 1990, Lorenzen-Hughes suffered injuries at work when a cabinet fell from the wall near her desk. The cabinet had been installed in 1979 by a contractor who did a minor remodeling project for the previous tenant, MacElhenny. MacElhenny transferred its assets and lease to Lorenzen-Hughes's current employer on January 16, 1981. Since that date MacElhenny has not had any possessory interest or control over the premises.

Lorenzen-Hughes filed an unverified complaint against MacElhenny and the contractor for negligence and premises liability, alleging that the cabinet "suddenly and unexpectedly came loose . . . ."[1]

MacElhenny moved for summary judgment. Citing *Preston* v. *Goldman* (1986) 42 Cal.3d 108 [227 Cal.Rptr. 817, 720 P.2d 476], it asserted that it could not be held liable because it relinquished possession and control of the premises over nine years before this accident occurred.

Lorenzen-Hughes opposed the motion by contending that the *Preston* case is inapplicable because it concerned injuries resulting from a patent defect created by a "do-it-yourself" homeowner. Here the defect was latent, not patent.

The trial court found the facts to be undisputed because Lorenzen-Hughes filed no statement refuting MacElhenny's statement of undisputed facts. It granted summary judgment pursuant to the *Preston* case, stating that the *Preston* court made no distinction between patent and latent defects of property. This appeal ensued.

## DISCUSSION

"Summary judgment is properly granted only when the evidence in support of the moving party establishes that there is no triable issue of fact and that the moving party is entitled to a judgment as a matter of law. [Citations.] The court must strictly construe the affidavits of the moving party and liberally construe those of his opponent. [Citation.]" (*Isaacs* v. *Huntington Memorial Hospital* (1985) 38 Cal.3d 112, 134 [211 Cal.Rptr. 356, 695 P.2d 653, A.L.R.4th 1747].) "Any doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion.

---

[1] The contractor, Alex Seaman, is not a party to this appeal.

[Citation.]" (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)

Lorenzen-Hughes argues that the trial court improvidently granted summary judgment because there are triable issues of material fact regarding whether MacElhenny may be held liable for latent defects in the construction or mounting of the cabinet, under *Preston* v. *Goldman*, *supra*, 42 Cal.3d 108.

In the *Preston* case, defendants built a pond in their backyard. After they sold the property, a small child visting tenants of the new owner fell into the pool and became severely injured. A jury rendered verdicts in favor of defendants after being instructed that a seller of property is not subject to liability for injuries caused by a dangerous condition on the land, subject to certain exceptions. (42 Cal.3d at p. 111.)

The Court of Appeal reversed, holding that a vendor of land who negligently creates an unreasonably dangerous condition on his land is liable because he created the condition, even though he no longer owns the land. (42 Cal.3d at p. 112.)

Our Supreme Court reversed the Court of Appeal and framed the issue by asking a question similar to the one before us today: "Should former owners, allegedly negligent in constructing an improvement on their property, be subject to liability for injuries sustained on that property long after they have relinquished all ownership and control?" (42 Cal.3d at p. 110.)

The *Preston* court surveyed the disparate approaches courts have taken on this issue over the years, and summed up those approaches as follows: 1. the buyer must beware (caveat emptor) because a predecessor owner is not liable after transfer; 2. caveat emptor applies except where the vendor of land knows or should have known of hidden defects which present an unreasonable risk of harm that the vendee would not discover; and 3. liability should depend upon the likelihood of harm instead of on the condition of title to the land. (42 Cal.3d at p. 115.)

Almost all states follow the first approach, caveat emptor. "[T]he general rule of nonliability has been applied to conditions on the land created by the predecessor landowner, with the landowner's role as 'creator' taking a secondary place." (*Preston* v. *Goldman*, *supra*, 42 Cal.3d at p. 117, fn. omitted.) An exception to this rule exists "where the prior landowner is the contractor or builder of the *entire* property. Generally, different rules have applied in this context to professional developer/owners. [Citations.]" (*Id.* at p. 117, fn. 3, italics added.) This exception does not apply to the instant case. The moving and responsive papers establish that MacElhenny did not develop the entire subject property; it had a cabinet installed in a minor remodeling job.

Our high court emphasized that "we have placed major importance on the existence of possession and control as a basis for tortious liability for conditions on the land," instead of whether one's negligence was active or passive. (42 Cal.3d at p. 119, citing *Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358 [178 Cal.Rptr. 783, 636 P.2d 1121].)

The Supreme Court in *Preston* quoted the following language in *Copfer* v. *Golden* (1955) 135 Cal.App.2d 623 [288 P.2d 90], " ' " "The wrongdoer has not at the time [of the injury] any control over the subject-matter, or any power or right to remedy the evil. The damage in all such cases arises in fact from the continued use of the defective subject, and with that the builder, who has parted with the title, possession, and control of it, has not and cannot have anything to do.' " ' [Citations.] Thus, the 'active or passive' role of the former owners vis-à-vis creation of the injury-causing condition was irrelevant to the question of liability. [Citation.]" (*Preston* v. *Goldman*, *supra*, 42 Cal.3d at p. 114, italics omitted.)

The *Preston* court held that " '[a] defendant cannot be held liable for the defective or dangerous condition of property which it did not own, possess, or control. Where the absence of ownership, possession, or control has been unequivocally established, summary judgment is proper. [Citations.]' " (42 Cal.3d at p. 119.) According to the *Preston* court, "ownership and control [is] a *fundamental requirement* for ascribing liability." (*Ibid.*, italics added.) *Preston* therefore views possession and control as an indispensable requirement on which to predicate liability. The exception are those cases which involve true commercial developers, or which meet all the requirements of the Restatement Second of Torts section 353. (42 Cal.3d at pp. 122-123.)

Here, it is undisputed that MacElhenny had no possession or control at the time of the accident. This fact negates an essential element of Lorenzen-Hughes's cause of action, thus shifting the burden of proof to her. (Code Civ. Proc., § 437c, subd. (n)(2).) Because she has not borne that burden of proof, the trial court properly granted MacElhenny summary judgment in this case.

*Preston* does not exclude latent defects from its holding. Nevertheless, Lorenzen-Hughes argues that there remain triable issues of material fact as to latent defects in accord with the rules stated in Restatement Second of Torts section 353. We disagree. Section 353 states:

"(1) A vendor of land *who conceals or fails to disclose* to his vendee any condition, whether natural or artificial, *which involves unreasonable risk* to persons on the land, is subject to liability to the vendee and others upon the land with the consent of the vendee or his subvendee for physical harm caused by the condition after the vendee has taken possession, *if*

"(a) *the vendee does not know or have reason to know* of the condition or the risk involved, *and*

"(b) *the vendor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to believe that the vendee will not discover the condition or realize the risk.*

"(2) If the vendor actively conceals the condition, the liability stated in Subsection (1) continues until the vendee discovers it and has reasonable opportunity to take effective precautions against it. *Otherwise the liability continues only until the vendee has had reasonable opportunity to discover the condition and to take such precautions."* (Italics added.)

█ The requirements of Restatement Second of Torts section 353 are conjunctively stated. Before a vendor of land may be held liable for a latent defect under section 353, *all* of its elements must exist: 1. that the vendor concealed or failed to disclose a condition which it knows about or has reason to know about; 2. which involves an unreasonable risk that the vendor understands or should realize; 3. which is unknown to the vendee or of which the vendee has no reason to know; and 4. which the vendor has reason to believe the vendee will not discover. Unless the vendor actively conceals the condition, the vendor may be held liable only until the vendee has had sufficient time to discover the condition and to take precautions.

█ It is true, as Lorenzen-Hughes admits, *"no one* could have known that [the cabinet had not been properly attached to the wall], until the cabinet fell." (Italics added.) Of course she is referring to herself and the tenants who occupied the premises after MacElhenny. That is also, however, one reason that MacElhenny is not liable here.

Lorenzen-Hughes's complaint, motion papers and brief fail to establish that MacElhenny deliberately concealed, or failed to disclose, the condition of this cabinet. The factors giving rise to vendor's liability in section 353 are absent here.

The judgment is affirmed. Costs to MacElhenny.

Stone (S. J.), P. J., and Yegan, J., concurred.

A petition for a rehearing was denied June 14, 1994.